IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

      Plaintiff,

v.                                                                                      No. 1:25-cv-00425-LF

NATIONSTAR MORTGAGE LLC,

      Defendant.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff asserts a fraud claim and alleges:

8      Count One: Defendant resorted to some deceitful or willful device, with the intent to prevent Plaintiff from repaying the correct mortgage loan payoff amount.

9.     Defendant inflated attorney fees in excess of HUD House Urban Development $2,050 "maximum allowable amount" for attorney fees regarding New Mexico judicial foreclosures.

10     Defendant's "Payoff Statement Amended" includes not only "legal fees" of $903.56, but also an item designated "Corporated Advance" (likely veiled attorneys fees).

Complaint for Fraud at 3, Doc. 1, filed May 5, 2025 (asserting jurisdiction based on diversity of citizenship) ("Complaint"). Plaintiff also alleges that "Defendant intentionally interfered with contractual relations between Plaintiff and property resident(s)" and attached documents indicating that Defendant told residents of the property to leave and told one resident that Defendant "owns the house." Complaint at 10. Exhibit 2, which Plaintiff attached to the Complaint, suggests the property was the subject of a foreclosure action in state court. *See* Complaint at 8 (stating "Defendants Alma A. Saul and Roger Saul are in default in payment of the principal and interest on the Note and Mortgage . . . the total amount of judgment should be

$242,290.68, as of April 27, 2022, plus interest thereafter at the rate of 6.375% per year, until the property is sold pursuant to this judgment . . . Property is more commonly described as 6401 Avenida La Costa, Albuquerque, NM"). In addition, Plaintiff seeks damages in the amount of "$400,000 [which] is the approximate value of subject property located at: 6401 Avenida La Costa NE, Albuquerque, New Mexico, 87109." Complaint at 5.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). It appears the Court may lack jurisdiction over this matter pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the proceedings in state court.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d

2

1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

> The *Rooker-Feldman* doctrine:
>
> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Complaint fails to state a claim for fraud.  Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based."  *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010).  "At a minimum, Rule 9(b)

3

requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

> The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation . . . . Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart,* 2005-NMCA-061 ¶ 34 137 N.M. 420, 429, 112 P.2d 290, 512.  The single, vague allegation that "Defendant resorted to some deceitful or willful device with the intent to prevent Plaintiff from repaying the correct mortgage loan payoff amount" does not give Defendant fair notice of the factual grounds upon which Plaintiff's fraud claim is based.

The Complaint also fails to state a claim for intentional interference with a contract, the elements of which are:

> (1) Defendants had knowledge of the contract; (2) Plaintiff was unable to fulfill her contract obligations; (3) Defendants played an active and substantial part in causing Plaintiff to lose the benefits of the contract; (4) Plaintiff suffered damages resulting from the breach; and (5) Defendants induced the breach without justification or privilege to do so.

*Deflon v. Sawyers*, 2006-NMSC-025, ¶ 16.  Plaintiff alleges "Defendant intentionally interfered with contractual relations between Plaintiff and property resident(s) in 2012 and in 2023." Complaint at 4.  Plaintiff's conclusory allegation, without supporting factual allegations, is not sufficient to state a claim.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice.  An allegation is conclusory where it states an inference without stating underlying facts

4

or is devoid of any factual enhancement. Conclusory allegations are not entitled to the assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim") (citations and quotation marks omitted). The Complaint does not contain sufficient factual allegations to state a claim for intentional interference with contract. Furthermore, it appears Plaintiff's claims, to the extent they are based on the alleged interference in 2012, may be barred by a statute of limitations. *See*, *for example*, N.M. Stat. Ann. § 37-1-3 ("Actions founded upon any . . . contract in writing shall be brought within six years"); N.M. Stat. Ann. § 37-1-4 ("Those [actions] founded upon . . . unwritten contracts; those brought for injuries to property . . . of for relief upon the ground of fraud . .  within four years"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").

The Court orders Plaintiff to show cause why the Court should not dismiss this case: (i) for lack of jurisdiction pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine; and (ii) for failure to state a claim. Plaintiff must identify all lawsuits in state and federal courts, including the case numbers: (i) in which both Plaintiff and Nationstar Mortgage are parties; and (ii) which involve the subject property. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must include sufficient factual allegations to show the Court's jurisdiction over this case and to state a claim for fraud and intentional interference with contract. Plaintiff must attach copies of the subject contracts to the amended complaint. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become

familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge