IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

    Plaintiff,

v.                                                                  No. 1:25-cv-00425-WJ-LF

NATIONSTAR MORTGAGE LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## AND ORDER TO SHOW CAUSE

    *Pro se* Plaintiff asserted a fraud claim and alleged:

    8    Count One: Defendant resorted to some deceitful or willful device, with the intent to prevent Plaintiff from repaying the correct mortgage loan payoff amount.

    9.    Defendant inflated attorney fees in excess of HUD House Urban Development $2,050 "maximum allowable amount" for attorney fees regarding New Mexico judicial foreclosures.

    10    Defendant's "Payoff Statement Amended" includes not only "legal fees" of $903.56, but also an item designated "Corporated Advance" (likely veiled attorneys fees).

Complaint for Fraud at 3, Doc. 1, filed May 5, 2025 (asserting jurisdiction based on diversity of citizenship) ("Complaint"). Exhibit 2, which Plaintiff attached to the Complaint, suggests the property was the subject of a foreclosure action in state court. *See* Complaint at 8 (stating "Defendants Alma A. Saul and Roger Saul are in default in payment of the principal and interest on the Note and Mortgage . . . the total amount of judgment should be $242,290.68, as of April 27, 2022, plus interest thereafter at the rate of 6.375% per year, until the property is sold pursuant to this judgment . . . Property is more commonly described as 6401 Avenida La Costa, Albuquerque, NM"). Plaintiff seeks damages in the amount of "$400,000 [which] is the approximate value of

subject property located at: 6401 Avenida La Costa NE, Albuquerque, New Mexico, 87109." Complaint at 5.

United States Magistrate Judge Laura Fashing notified Plaintiff that it appears the Court may lack jurisdiction over this matter pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine which can deprive the Court of jurisdiction due to proceedings in state court. *See* Order to Show Cause, Doc. 5, filed May 12, 2025 (explaining the *Younger* abstention and *Rooker-Feldman* doctrines and notifying Plaintiff the Complaint failed to state claims for fraud and intentional interference with a contract). Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. Plaintiff did not show cause or file an amended complaint by the June 2, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because Plaintiff did not file a response to the Order to Show Cause and did not file an amended complaint. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**ORDER TO SHOW CAUSE**

Plaintiff has filed eight cases related to foreclosure actions in state court. *See Saul v. U.S. Bank National Assoc.*, No. 1:23-cv-00682-MIS-JMR ("*Saul I*") (dismissed for failure to state a claim); *Saul v. U.S. Bank National Assoc.*, No. 1:24-cv-00362-DHU-KK ("*Saul II*") (dismissed for lack of jurisdiction); *Saul v. U.S. Bank National Assoc.*, No. 1:24-cv-00442-JB-SCY ("*Saul III*") (dismissed for failure to state a claim); *Saul v. MTGLQ Investors, L.P.*, No. 1:24-cv-00636-KWR-LF ("*Saul IV*") (dismissed for failure to state a federal law claim); *Saul v. U.S. Bank National Assoc.*, 1:24-cv-01082-MIS-JMR ("*Saul V*") (dismissed for impermissible claim splitting between this Court and state court); *Saul v. MTGLQ Investors, L.P.*, No. 1:24-cv-01247-MLG-JMR ("*Saul VI*") (pending); *Saul v. First Financial Bank*, No. 1:25-cv-00311-KWR-SCY ("*Saul VII*") (dismissed for lack of jurisdiction); *Saul v. NationStar Mortgage LLC*, No. 1:25-cv-00425-WJ-LF ("*Saul VIII*") (this case; dismissed for lack of jurisdiction). Five of those cases assert claims against U.S. Bank National Assoc., four assert claims against NationStar Mortgage LLC, four assert claims against MTGLQ Investors, L.P., and one asserts claims against First Financial Bank.

Plaintiff has repeatedly failed to establish jurisdiction. *See Saul II*; *Saul III*; *Saul IV*; *Saul VII*; and *Saul VIII*. Plaintiff has also repeatedly failed to state claims due vague, insufficient allegations, *see Saul I*, *Saul II*, Saul *VIII*, or by asserting claims pursuant to criminal statutes which do not provide for private civil causes of action, *see Saul I*, *Saul III*, and *Saul IV*. Despite being notified several times of her responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure, Plaintiff has: (i) filed an amended complaint eight months after the case was dismissed without first seeking relief from the dismissal order pursuant to Federal Rule of Civil Procedure 60(b), *see Saul I*; (ii) invoked Federal Rule of Civil Procedure 60(b) for relief from a state court judgment, *see Saul II*; and (iii) filed a motion for entry

3

of default without first serving defendant pursuant to Federal Rule of Civil Procedure 4, *see Saul VI*.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than

4

objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a

Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**